# In the

# United States Court of Appeals

## For the Seventh Circuit

―――――――――

No. 03-3111

YULIA FIRMANSJAH,

*Petitioner*,

v.

JOHN ASHCROFT, Attorney General of the United States,

*Respondent.*

―――――――――

Petition for Review of an Order of the
Board of Immigration Appeals

―――――――――

DECIDED OCTOBER 17, 2003

―――――――――

Before EASTERBROOK, MANION, and KANNE, *Circuit Judges.*

PER CURIAM. On April 9, 2003, the Board of Immigration Appeals affirmed an order for the removal from the United States of Yulia Firmansjah. She had 30 days from the order's issuance to seek judicial review, see 8 U.S.C. §1252(b)(1), and that time passed without action. Contending that he had not received the decision until June 5, 2003, Firmansjah's lawyer asked the Board to enter a new order. The Board accommodated that request and on August 6, 2003, "reissued" its decision. The new order states that the Board's decision "shall be treated as entered as of today's date." Firmansjah then filed a petition for review, which is timely only if the clock started anew on August 6. Because

the Board did not explain the source of its authority to attach a new date to an old decision, a step that substantially increased Firmansjah's time to obtain judicial review, we directed the parties to file memoranda addressing the question whether we have jurisdiction.

*Stone v. INS*, 514 U.S. 386, 401-05 (1995), holds that the time to file a petition for review of the Board's decisions is jurisdictional, just like the time to file a notice of appeal from the final decision of a district court. Until 1991, when Fed. R. App. P. 4(a)(6) was promulgated, it was understood that district courts lack the authority to reenter decisions in order to extend the time for appeal, even when the justification was a litigant's failure to receive notice. See, e.g., *Spika v. Village of Lombard*, 763 F.2d 282 (7th Cir. 1985). Rule 4(a)(6) enables district courts to assist litigants who did not receive notice, but only if the would-be appellant seeks relief within 180 days of the judgment's entry, or within 7 days of actual knowledge, whichever comes first. No rule similar to Rule 4(a)(6) applies to immigration cases, or to any other administrative agency. This led us to inquire of the parties whether agencies should be treated like district courts in the years before Rule 4(a)(6). It is a subject that no court of appeals has addressed to date.

We hold that the answer is "no." Although Fed. R. App. P. 26(b)(1) prohibits district courts from extending the time for appeal (other than under the terms of Rule 4), no similar ban applies to administrative agencies—either in the Rules of Appellate Procedure or in §1252(b)(1). For district courts, Rule 4(a)(6) is an essential source of authority. Lack of notice does not fit any of the categories in Fed. R. Civ. P. 60(b), and Fed. R. Civ. P. 77(d) tells district courts to leave their judgments alone unless some other rule allows revision. Prevailing litigants acquire rights that courts should not monkey with. Yet no similar prohibition, in rule or statute, applies to administrative agencies, perhaps because the agency is both adjudicator and interested party, which may

surrender entitlements on its own behalf. The Board of Immigration Appeals, in particular, has authority to reopen and revise its decisions on account of new developments. See 8 U.S.C. §1229a(c)(6). In asylum cases such a motion may be filed at any time, and Firmansjah is seeking asylum. Because nothing prevents the Board from entering a new removal order, which is subject to a fresh petition for review, we have jurisdiction and the case will proceed to briefing. Note that we do not say that the Board *must* re-enter its decision if notice miscarries; but when the Board extends to the alien this measure of grace, there is no legal obstacle to judicial review.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*