**Jane Sanyu MAGUNDA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–3858.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 24, 2003.

Decided Nov. 12, 2003.

Godfrey Y. Muwonge, Milwaukee, WI, for Petitioner.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, Blair T. O'Connor, Department of Justice, Washington, DC, for Respondent.

Before BAUER, EASTERBROOK, and RIPPLE, Circuit Judges.

### Order

On July 31, 2002, the Board of Immigration Appeals affirmed the decision of an immigration judge requiring Jane Sanyu Magunda's removal from the United States. Magunda filed a petition for review on October 30, 2002, well beyond the 30–day limit set by 8 U.S.C. § 1252(b)(1). In response to an inquiry by the court's staff, Magunda's lawyer contended that the petition is nonetheless timely, because filed within 30 days of a second copy of the Board's decision mailed to his current address (the original had been mailed to an earlier address). A memorandum filed by the Attorney General also stated that the court has jurisdiction, though it did not analyze the language of the statute or cite any authority for this assertion. Both parties' briefs on the merits likewise stated that the petition for review is timely, again without analysis. It was tempting to accept these representations, because the problem was not the fault of Magunda or her lawyer (who had notified the Board of his new address). Still, as a jurisdictional matter it required judicial attention.

At oral argument the court directed the parties to file additional legal memoranda on this subject, and a written order issued the same day directed counsel for both sides to discuss in their memoranda "whether the time to seek judicial review of an administrative agency's decision is extended if the agency transmits a new copy of its decision. Counsel's memoranda should address this question not only with respect to decisions of the Board of Immigration Appeals but also as to government agencies generally." Neither side complied with this direction. On October 29 Magunda's lawyer filed a memorandum essentially conceding that the petition is untimely but asking us to adjudicate the claim on the merits anyway, in light of the Board's error in sending its original decision to the wrong address. On November 3 the agency filed a memorandum asserting that the petition is untimely. It distinguished between an order of the Board reissuing its decision–a step that restarts the clock for seeking review, see *Firmansjah v. Ashcroft*, 347 F.3d 625 (7th Cir. 2003)–and a letter by the Board's staff transmitting a new copy of an unchanged decision, which the agency says does not affect the time to seek review. Unfortunately, however, counsel does not discuss whether this distinction rests on any regulations or practices of the Board, or whether the distinction applies elsewhere. We directed the parties to discuss the subject for "government agencies generally" because questions such as this must have arisen before–in Social Security or black lung cases, if not immigration cases–and we wanted to be able to assess the current question in light of that experience. That neither side followed this court's explicit directions is perplexing, and it is especially disappointing that the Department of Justice, whose staff includes many specialists

in administrative law, chose to withhold this information. We expect, and are entitled, to better from the Department of Justice.

After representing that the court lacks jurisdiction, counsel for the agency asked us to remand this proceeding to the Board so that Magunda may receive "the opportunity to file a motion to reopen requesting the Board to reissue its decision." Counsel made this suggestion following consultation with the agency, and it is clear that the goal is "not to deprive Petitioner of the opportunity to seek judicial review of her final order of removal" (memorandum at 5). Such a motion may indeed be the proper step; if the Board issues a new decision (as the memorandum strongly implies that it plans to do), then under *Firmansjah* the alien will have a new 30–day period to file a petition for judicial review. Nonetheless, a court lacking jurisdiction cannot "remand" anything. The only allowable step is to dismiss the petition for review.

Because the parties have failed to comply with our instructions, the court lacks the information needed to make a confident decision about the jurisdictional consequences of re-sending a decision in order to direct it to the proper address. We therefore refrain from reaching a definitive resolution of this question. It is enough to say that neither the alien nor the agency has located any regulation, or any decision of any other circuit, that would give re-mailing a decision the same legal effect as re-entering that decision. Accordingly, Magunda's petition is dismissed for want of jurisdiction.

If the Board re-enters its decision, it may find it prudent to address another problem that was noticed at oral argument: the Board acted through a single member using its streamlining procedure, which is supposed to be limited to summary affirmance of immigration judges' decisions. Yet this member purported to accept new evidence submitted by the alien and rule on the legal consequences of that evidence. Such an action does not appear to be within the authority of a single member under the fast-track procedure. A decision made by a regularly constituted panel of the Board could facilitate the expeditious resolution of this matter. Once the Board has acted on Magunda's motion for reopening, any further petition for review (if one should be filed) would be assigned to this panel under Operating Procedure 6(b). Counsel should promptly advise the court, if a new petition is filed, whether new briefs are appropriate, or whether the matter can be resolved on the existing briefs.