Iradj HESSABI; Ilona Hessabi, Petitioners,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–73151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 18, 2005.

Decided May 11, 2005.

Luther M. Snavely, Esq., Las Vegas, NV, for Petitioners.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq. DOJ—U.S. Department of Justice, Civil

---

5. *See Windham v. Merkle,* 163 F.3d 1092, 1106 (9th Cir.1998) (a claim not raised in a habeas petition is not cognizable on appeal).

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before NOONAN, THOMAS and FISHER, Circuit Judges.

### MEMORANDUM **

█ Petitioners appeal the Board of Immigration Appeals' ("BIA") denial of their motion to reissue an adverse decision that petitioners argue they never received. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand for an evidentiary hearing.

We reject respondent's argument that we have no jurisdiction to consider this appeal because it was a request to the BIA to reopen the case *sua sponte*. The BIA, upon receipt of the motion, sent petitioners a "Filing Receipt for Motion to Reopen or Motion to Reconsider" and accepted the $110 filing fee required for such motions. Because the BIA appears in fact to have treated the motion as one to reopen or reconsider, we will treat it as such. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999).

█ We also reject respondent's argument that we cannot review this appeal because the only final order at issue is the underlying decision that petitioners failed to appeal within the required statutory deadline. The filing of a motion to reconsider does not toll the deadline to appeal from a final order of deportation. *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). However, petitioners' situation can be distinguished from that in *Stone*, because they allege that they never received actual notice of the first decision.[1]

Petitioners have not waived their arguments regarding the motion to reissue. Although their opening brief addressed only the merits of their appeal to the BIA, respondent "has not been misled" and "the issue [of the motion to reissue] has been fully explored" in the answering and reply briefs. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990) (citation omitted).

In rejecting the motion to reissue, the BIA ignored affidavits from petitioners and their counsel swearing that they had never received a copy of the BIA's June 6, 2003 Order denying their merits appeal. The BIA's Practice Manual states that such decisions are mailed by regular mail, and respondent's counsel at argument affirmed that this is the standard practice. BIA Practice Manual, Chapter 1.4(d). This court held in *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir.2002), that when the BIA has provided petitioner with notice of a hearing by regular mail, such delivery "does not raise the same 'strong presump-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. It also appears to be the BIA's practice when reissuing a decision to issue it with a new date, providing petitioners with a new deadline to appeal to this court. *See Firmansjah v. Ashcroft*, 347 F.3d 625, 626 (7th Cir.2003) ("The Board ... reissued its decision[, and] the new order stated that the Board's decision 'shall be treated as entered as of today's date.' "); *Roy v. Ashcroft*, 389 F.3d 132, 136 (5th Cir.2004) ("When the BIA issued its decision ... [it] chose to equitably reissue the order specifically so [petitioner] would be able to timely comply with the requirements for voluntary departure...."). Should petitioners, upon remand and an evidentiary hearing, be able to demonstrate that they never received notice of the decision, they will therefore have a new opportunity to appeal the underlying decision to this court.

tion' [of delivery] as certified mail." We further held that when a petitioner:

> initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from [petitioner] that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient to rebut the presumption of delivery and entitle [petitioner] to an evidentiary hearing to consider the veracity of her allegations.

*Id.*

*Salta* controls here. The BIA sent petitioners notice of its adverse decision by regular, rather than certified, mail; the petitioners have attested that neither they nor their attorney of record ever received that notice; that is sufficient to rebut the presumption of delivery and entitle them to an evidentiary hearing. To conclude otherwise would risk violating the due process guarantee of a fair opportunity to pursue an appeal. *See Garcia–Cortez v. Ashcroft*, 366 F.3d 749, 753 (9th Cir.2004) (recognizing due process "requires that aliens who seek to appeal be given a fair opportunity to present their cases."). *But cf. Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997) (rejecting alien's due process claim where notice sent by *certified* mail to last known address and "receipt was acknowledged by someone at that address.").

We cannot on the present record conclude that petitioners were sufficiently notified of the BIA's adverse ruling by way of the Department of Homeland Security ("DHS") having revoked one petitioner's work permit on June 19, 2003. Whether DHS advising petitioners—not their lawyer—that DHS's records revealed a June 4, 2003 BIA decision should have prompted these petitioners to contact their lawyer sooner is best resolved through the evidentiary hearing, where all the circumstances can be explored.

PETITION GRANTED AND REMANDED FOR EVIDENTIARY HEARING.