Leze GJONDREKAJ, Ambroz Gjondrekaj, Leonard Gjondrekaj, Ronald Gjondrekaj, David Gjondrekaj, Petitioners,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 05–5804–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Kai W. De Graaf, New York, New York, for Petitioner.

Matthew H. Meade, United States Attorney, Steven K. Sharpe, Assistant United States Attorney, Cheyenne, Wyoming, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

56

## SUMMARY ORDER

Leze Gjondrekaj, through counsel, petitions for review of the BIA decision denying her motion to reopen the BIA order adopting and affirming Immigration Judge ("IJ") Alan Vomacka's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

An alien is limited to one motion to reopen exclusion or deportation proceedings. *See* 8 C.F.R. § 1003.2(c)(2) (2005). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Because the BIA issued Gjondrekaj's final order of removal on April 21, 2003, a motion to reopen would have been timely until July 21, 2003. *See* 8 C.F.R. § 1003.2(c)(2) (2005). Gjondrekaj's motion, filed on July 25, 2005, was over two years out of time. *Id.* A motion that does not comply with the time and numerical limitations can only be brought where the alien can establish one of four limited regulatory exceptions, none of which are applicable here. *See* 8 C.F.R. § 1003.2(c)(3) (2005). The deadline for filing a motion to reopen based on ineffective assistance of counsel may be equitably tolled in certain circumstances. *Zhao v. INS,* 452 F.3d 154, 157–58 (2d Cir.2006); *Iavorski v. INS,* 232 F.3d 124, 134–35 (2d Cir.2000). A motion to reopen for the purposes of reissuing a previous decision is treated as a motion to reopen. *See Zhao,* 452 F.3d at 155–57.

In denying Gjondrekaj's motion to reopen, the BIA briefly summarized the procedural history of the case, and then stated, "Counsel does not cite any case law or other persuasive authority to support his request that we reissue our decision and the DHS has filed a response in opposition to the instant motion."

The BIA's failure to address Gjondrekaj's ineffective assistance/due process argument was an abuse of discretion. The BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Ke Zhen Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 97 (2d Cir.2001). There may also be an abuse of discretion when the BIA denies a motion without providing a sufficient explanation, or issues only summary or conclusory statements. *Kaur,* 413 F.3d at 233–34. Gjondrekaj presented nearly four pages of argument supporting her ineffective assistance/due process claim, citing case law and statutory authority. The BIA's one-sentence denial of Gjondrekaj's motion stating that she failed to present any case law or persuasive authority was inadequate.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).