cedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**Fatime BRAHIMI, Ervin Brahimi, Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

Nos. 06–0888–ag(L), 06–0889–ag(CON).

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Gary J. Yerman, New York, NY, for Petitioners.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the July 7, 2006 due date specified in the scheduling order issued on May 3, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit.

**SUMMARY ORDER**

Petitioners Fatime and Ervin Brahimi, natives and citizens of Albania, each seek review of a February 8, 2006 order of the BIA denying their motion to reissue its August 4, 2005 decision. *In re Fatime Brahimi*, No. A79 301 097, and *In re Ervin Brahimi*, No. A78 420 763 (B.I.A. Feb. 8, 2006). In the earlier decision, the BIA

had affirmed the February 12, 2004 decision of Immigration Judge ("IJ") Paul De-Fonzo denying both Brahimis' applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Fatime Brahimi*, No. A79 301 097 (B.I.A. Aug. 4, 2005), and *In re Ervin Brahimi*, No. A78 420 763, *aff'g* Nos. A79 391 097, A78 420 763 (Immig. Ct. N.Y. City Feb. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reissue a decision, like that of a motion to reopen, for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted).

While the BIA has the general authority under 8 U.S.C. § 1229a(c)(7) to reopen or reissue a decision at any time, nothing compels it to do so; such action extends to the alien a "measure of grace." *See Firmansjah v. Ashcroft*, 347 F.3d 625, 626–27 (7th Cir.2003). Here, the record indicates that the BIA sent its August 2005 decision to the Brahimis' former attorney at his address of record, and there is no indication that his office ever moved. When the only evidence that he never received the decision was his uncorroborated statement to that effect, and when the Brahimis had already had the opportunity to present their claims before an IJ, receive a decision, and appeal to the BIA, we do not find that the BIA abused its broad discretion in declining to reissue its decision denying that appeal in order to provide them the opportunity to seek additional review.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).