Chona LIM, Petitioner,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, Edward J. McEvoy, Field Office Director, Michael Chertoff, Secretary, United States Department of Homeland Security, Alberto Gonzales, Attorney General, Respondents.

No. 05–6581–ag.

United States Court of Appeals, Second Circuit.

March 19, 2007.

Heidi J. Meyers, Law Office of Heidi J. Meyers, New York, NY, for Petitioner.

Corey Farrell, Office of Immigration Litigation, Washington, DC, for Respondents.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, COLLEEN McMAHON,* District Judge.

### SUMMARY ORDER

Petitioner Chona Lim, a native and citizen of the Philippines, seeks review of a November 18, 2005, order of the BIA denying reopening of its March 1, 2002, order dismissing petitioner's appeal from Immigration Judge Philip Morace's order finding Lim deportable, denying her request for suspension of deportation, and granting her one year in which to leave the United States voluntarily. *See In re Chona Lim,* No. A 70 903 242 (BIA Nov. 18, 2005).

We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues. We hold as follows.

The BIA did not abuse its discretion by denying Lim's time-barred motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). We agree that Lim, who admitted that she learned of her former attorney's purported malpractice in March 2005, did not establish that she exercised due diligence between that date and September 22, 2005, when she filed her motion to reopen. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.

2006) ("From the point at which the ineffective assistance of counsel should have been, or was in fact, discovered, an alien must demonstrate that the alien has exercised due diligence in pursuing the case during the period which the alien seeks to toll." (internal quotation marks and ellipsis omitted)).

We find no merit in Lim's contention that the BIA erred with respect to her request that the board reissue its prior decision. Unlike the petitioner in the cases that she cites, Lim does not claim circumstances suggesting that she did not receive the BIA's initial order. *See Etchu–Njang v. Gonzales,* 403 F.3d 577, 579–80 (8th Cir.2005); *Roy v. Ashcroft,* 389 F.3d 132, 135 (5th Cir.2004); *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir. 2004); *Lonyem v. Att'y Gen.,* 352 F.3d 1338, 1340 n. 3 (11th Cir.2003); *Firmansjah v. Ashcroft,* 347 F.3d 625, 627 (7th Cir.2003). Further, as explained above, Lim did not exercise due diligence in seeking this equitable relief.

The remainder of Lim's arguments are mooted by our holding that the BIA did not abuse its discretion by denying reopening. We therefore deny review.

---

* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.