**Leze GJONDREKAJ, Ambroz Gjondrekaj, Leonard Gjondrekaj, Roland Gjondrekaj, David Gjondrekaj, Petitioners,**

v.

**Michael B. MUKASEY,[1] Respondent.**

No. 07–1398–ag.

United States Court of Appeals, Second Circuit.

March 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Kai W. Degraaf, New York, New York, for Petitioners.

Thomas H. Dupree, Jr., Deputy Assistant Attorney General, (Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jeffrey J. Bernstein, Senior Litigation Counsel, on the brief), Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Honorable JOHN M. WALKER, JR., Honorable GUIDO CALABRESI, Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioners Leze Gjondrekaj, her husband Ambroz Gjondrekaj, and their three children Leonard, Roland, and David Gjondrekaj—all citizens of Albania—petition for review of a BIA order that, for the second time, denies their "Motion to Reopen for Re–Issuance of Decision and Motion to Stay Removal." *See In re Gjondrekaj*, Nos. A77 397 269, A77 397 270, A77 397 271, A77 397 272, A77 397 273 (B.I.A. Mar. 9, 2007). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

"When the BIA has applied the correct law, we review the BIA's disposition of a motion to reopen," including a motion to reopen for the purpose of reissuance of an agency order, deferentially, and we will vacate only "for abuse of discretion." *Ping Chen v. United States Attorney Gen.*, 502 F.3d 73, 75 (2d Cir.2007) (observing that motion to reissue is treated as motion to reopen); *see also Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). The record in this case suggests that the BIA failed to apply the correct law because it construed its discretion to grant reopening and reissuance too narrowly in the circumstances of this case. Accordingly, we vacate the challenged denial and remand for further proceedings.

At issue in this case is the ability of petitioners to secure judicial review of their 2003 order of removal given a failure to file for review within the time prescribed by law. *See* 8 U.S.C. § 1252(b)(1) (requiring filing "not later than 30 days after the date of the final order of remov-

al"). Petitioners attribute this error to a purportedly ineffective "notario," a non-lawyer representative whom they had retained to assist them after the BIA rejected their direct appeal of the removal order. Petitioners submit that, although this representative filed two unsuccessful petitions for agency reconsideration on their behalf, he never informed them of their right to judicial review or the deadline for seeking such review. They contend that to deny them judicial review under these circumstances violates due process. Mindful that, in the absence of a timely filing, this court lacks jurisdiction to review a removal order, see *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001), petitioners sought relief from the agency, specifically, an order reopening their case and reissuing their removal order so that a timely petition for judicial review of that reissued order could be filed with this court.

In its initial denial of petitioners' motion on October 18, 2005, the BIA stated only that petitioners failed to "cite any case law or other persuasive authority to support [their] request that we reissue our decision and the DHS has filed a response in opposition to the instant motion." By summary order dated August 9, 2006, we concluded that this one-sentence denial was "inadequate" to address the motion, and we remanded with instructions that the BIA address petitioners' claim of ineffective assistance, *Gjondrekaj v. Gonzales*, 192 Fed. Appx. 55, 56 (2d Cir.2006).

On March 9, 2007, the BIA again denied reissuance observing that petitioners had failed to allege "procedural or administrative error by [the] Board" and, to the extent they complained of ineffective assistance, they failed to demonstrate that such conduct related to proceedings "before the Board." This conclusion fails to consider our recent decision in *Jin Bo Zhao v. INS*, 452 F.3d 154, 157–58 (2d Cir.2006). In

that case, an alien claimed that he missed filing deadlines for administrative and judicial review because of the ineffective assistance of an attorney whom he retained *after* a final agency order of removal had been entered against him. *See id.* at 155–56, 158 n. 5. This court recognized the BIA's discretion in these circumstances to reopen its proceedings and to reissue a removal order so as to permit timely filing for review. *See id.* at 157 (noting that alien had asked BIA to " 'reissue' its decision ... to allow [him] to revive his initial petition for review in this Court"); *id.* at 160 (remanding with instructions to consider allegations that prior counsel provided ineffective assistance, including failure to reinstate appeal in this court); *see also Firmansjah v. Ashcroft*, 347 F.3d 625, 627 (7th Cir.2003) (holding that BIA has authority to reissue decisions and that such decisions are subject to "a fresh petition for review"). Thus, to the extent the BIA here concluded that it could not grant reopening or reissuance absent some error *by* the agency or ineffective assistance *before* the agency, it failed to apply the correct law.

In vacating the BIA's challenged denial of relief and in remanding for further proceedings, we are mindful that this case differs from *Jin Bo Zhao* in one respect: the alleged ineffectiveness is here attributed to a non-lawyer representative rather than to a licensed attorney. We leave it to the BIA to consider, in the first instance, whether this is a distinction that makes a difference in the application of its equitable discretion. We do so because the BIA has far greater familiarity than this court with the apparently not-uncommon practice of non-lawyer representatives appearing on behalf of aliens in immigration proceedings, and as much if not more familiarity than this court with the disturbing problems of ineffective assistance even by licensed attorneys in many

immigration cases. *See Aris v. Mukasey,* 517 F.3d 595 (2d Cir.2008).

We further note that, in its review of petitioners' ineffective assistance claim, the BIA might well consider the representation afforded petitioners by their licensed counsel of record in their original proceedings before the agency. Specifically, the BIA might consider whether, upon learning of the Board's April 11, 2003 order upholding removal, counsel notified her clients of their statutory right to judicial review and the time limits for seeking such review, as one might reasonably expect a competent attorney to do even if the relationship with her clients was not to continue. If counsel did so, petitioners may not be able to claim ignorance attributable to their non-lawyer representative. If, however, counsel of record failed to advise her clients of the availability of judicial review, that omission might itself constitute ineffective assistance by a licensed attorney before the agency. *See generally id.* (identifying counsel's duty to communicate important dates to alien).[2]

We state the obvious to note that the public, no less than affected aliens, has a strong interest in expeditious resolution of removal proceedings. In this case, the court might well have resolved a direct challenge by petitioners to their removal order more quickly than it has been able to resolve the difficult question of whether an agency's refusal to reopen its proceedings and to reissue a removal order in the face of a claim of ineffective assistance of a non-attorney violates due process. We anticipate that the BIA will bear this reality in mind on remand when it again considers whether to exercise its discretion to reopen and reissue, this time in light of *Jin Bo Zhao v. INS,* 452 F.3d 154.

For the reasons stated, we GRANT the petition for review, VACATE the challenged BIA decision, and REMAND the case for further proceedings consistent with this order.

---

**2.** We cannot determine from the record before this court whether the agency itself provided any notice of the right to judicial review of its final order. Because no party asks us to decide whether such notice is required by law, we need not consider that question. We nevertheless observe that such agency notice of the right to judicial review might minimize, if not eliminate, claims of ineffective assistance in this regard. Thus, to the extent the BIA is not already providing such notice, it might wish to consider doing so.

