09-2511-ag
Lewis v. Holder

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2010

(Argued: October 27, 2010       Decided: November 8, 2010)

————————————————————————————

SOPHIA LORRAINE MARIE LEWIS,

*Petitioner*,

—v.—

ERIC H. HOLDER, JR., Attorney General of the United States,

*Respondent*.

Docket No. 09-2511-ag

————————————————————————————

B e f o r e:  MCLAUGHLIN, KATZMANN, HALL, *Circuit Judges*.

————————

Petitioner appeals from a "reissued" decision of the Board of Immigration Appeals ("BIA"), entered on May 12, 2009, dismissing her appeal of the denial of her application for cancellation of removal. We hold that the BIA's reissuance of its decision triggers a new thirty-day period to obtain judicial review and that petitioner has timely and properly petitioned for review of that decision.

————————

Counsel for Petitioner:        H. RAYMOND FASANO, Madeo & Fasano, New York, N.Y.

Counsel for Respondent:     NICOLE N. MURLEY, Trial Attorney (Tony West, Assistant Attorney General, James A. Hunolt, Senior Litigation

Counsel, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

_____

PER CURIAM:

This case calls on us to determine whether the BIA's "reissuance" of a decision triggers a new thirty-day period to obtain judicial review. As set forth below, we hold that it does.

Petitioner Sophia Lewis seeks review of a July 9, 2003 order of the BIA dismissing her appeal of the denial of her application for cancellation of removal. The BIA "reissued" its order on May 12, 2009. *In re Lewis*, No. A041 350 703 (B.I.A. May 12, 2009).

The facts of this case are not disputed. Lewis, a native and citizen of Jamaica, came to the United States in 1987 as a lawful permanent resident. On June 30, 1994, she was convicted of attempted petit larceny in Nassau County, New York. On April 19, 1999, she was convicted of fourth degree larceny in New Haven County, Connecticut. On the basis of these convictions, she was charged by the former Immigration and Naturalization Service with inadmissibility as an alien convicted of a crime involving moral turpitude, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I), and placed in removal proceedings. At a July 26, 2001 hearing before the Immigration Judge ("IJ"), Lewis (represented by counsel) admitted removability. She subsequently applied for cancellation of removal pursuant to § 240A(a) of the INA, 8 U.S.C. § 1229b(a). The IJ denied her application from the bench on October 17, 2002.

Lewis filed a timely notice of appeal. On the notice of appeal, she checked Box 8, answering "yes" to the question, "Do you intend to file a separate written brief or statement after filing this Notice of Appeal?" JA 60. On the notice form, a prominent warning below Box 8 reads, "**WARNING:** if you mark 'Yes' in item #8, you will be expected to file a written brief or

-2-

statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule." *Id.* The BIA originally set May 9, 2003 as the deadline for Lewis's brief. On that date, however, Lewis's attorney, Robert J. Shannon, requested a three-week extension of time to file the brief. The BIA granted his request.

On May 29, 2003, the day before the new May 30 deadline, Shannon filed a motion to withdraw as attorney of record. He stated in his motion that Lewis had been "unwilling to communicate and cooperate with my office and me" throughout the course of his representation of her. In an affirmation accompanying his motion, he further stated that she had "failed to respond to my office's many telephone calls and requests to contact her concerning issues material to her pending appeal before the [BIA]." JA 43. His affirmation also indicated that a copy of his motion had been sent via first class mail to Lewis at her last known address, 749 E. 81st Street, Apt. #3, Brooklyn, NY 11236.

On July 9, 2003, the BIA issued an order in which it summarily dismissed Lewis's appeal on the ground that she had "checked Box 8 on the Notice of Appeal" indicating that she would file a separate brief but had failed to do so. In the same order, the BIA granted Shannon's request to withdraw as attorney of record "for all purposes except for receipt of this order." JA 40.

On November 25, 2008, Lewis, represented by new counsel, filed a motion to reopen her case. In her motion, she stated that she did not know that Shannon had filed a motion to withdraw and did not know that no brief was filed in her appeal. She further indicated that she did not know that her appeal had been dismissed until her arrest by Immigrations and Customs

-3-

Enforcement officials several months earlier. In February 2009, Lewis filed a "Supplement to Motion to Reopen," to which was appended an affidavit in which she reiterated that she was not informed of Shannon's request to withdraw or of the BIA's grant of that request. She stated that she "believed that the brief had been filed and that [her] appeal was still pending" and did not learn that her appeal had been dismissed until she was arrested in 2008. JA 18. Her affidavit further stated that she believed she had been prejudiced by Shannon when he filed a motion to withdraw on the day before the brief was due and failed to inform her that the BIA granted his motion because, had she known of his motion, she could have hired other counsel. She also attached a letter in which she informed Shannon of her belief that his representation was "deficient" for these same reasons.

In a "Reissued Decision" dated May 12, 2009, the BIA denied Lewis's motion to reopen. It found that she had not "set forth a viable claim for deficient performance of counsel" because Shannon had properly filed his motion to withdraw, explained that he had been unable to contact his client, and mailed a copy of his motion to the client's last known address. The BIA found also that Lewis had failed to demonstrate why she did not file her motion to reopen until more than four years after her prior counsel's alleged deficient performance and that she had "not adequately demonstrated that she took reasonable steps to maintain contact with her former counsel to inquire about the status of her case," JA 3, as required to obtain discretionary tolling of the time to file a motion to reopen under *Matter of Compean*, 24 I. & N. Dec. 710, 732 (A.G. 2009). The BIA, however, noted that it had granted Lewis's former counsel's request to withdraw *except* for the receipt of its July 9, 2003 order, and that it accordingly had sent the order to former counsel. Former counsel, meanwhile, had given Lewis's last known address as

-4-

"749 E. 81st Street, Brooklyn, NY 11236," whereas Lewis's notice of appeal gave her address as "749 E. 81st Street, Brooklyn, NY, 11209." Consequently, the BIA reissued its July 9, 2003 decision "in an abundance of caution." JA 4.

Thirty days later, on June 11, 2009, Lewis moved in this Court for a "Stay of Removal" to seek review of "the Board of Immigration Appeals Decision dated May 12, 2009 that dismissed his [*sic*] appeal." U.S.C.A. dkt. sht. No. 09-2511-ag, entry at June 11, 2009. She attached the BIA's "reissued" 2003 decision, and stated in her petition for review, also filed on June 11, 2009, that the BIA "dismissed [her] appeal on May 12, 2009, after reissuing its original decision." *Id.* According to her petition, the "issue presented on appeal is whether counsel's withdrawal of representation constituted ineffective assistance of caused [*sic*] to such an extent that it rule [*sic*] to the level of a due process violation." *Id.*

Notwithstanding her petition for review, Lewis's brief apparently addresses only "[w]hether the [BIA's] denial of her motion to reopen was an abuse of discretion." In her brief, Lewis raises two principal arguments as to why we should grant her petition and remand her case. First, she argues that the BIA's decision denying her motion to reopen is arbitrary and capricious because it concludes that her prior counsel was ineffective but nevertheless faults her for the delay in filing her motion to reopen. Second, Lewis challenges the BIA's conduct, in July 2003, in denying her appeal on the basis of her failure to file a brief. The government replies that the BIA properly exercised its discretion in denying her motion to reopen because her ineffective assistance of counsel claim was untimely and she failed to challenge the BIA's determination that she did not exercise due diligence. The government, however, does not

address whether Lewis has timely and properly petitioned for review of the BIA's 2003 decision dismissing her appeal as reissued in May 2009.

*Stone v. INS*, 514 U.S. 386, 405 (1995), holds that the time to file a petition for review of a BIA decision is jurisdictional. "Pursuant to 8 U.S.C. § 1252(b)(1), we lack jurisdiction over a petition that is filed more than 30 days after the BIA's final order of removal*." Lewis v. Gonzales*, 481 F.3d 125, 128-29 (2d Cir. 2007). Joining our sister Circuit, we hold that the BIA's reissuance of its decision triggers a new thirty-day period to obtain judicial review. *See Firmansjah v. Ashcroft*, 347 F.3d 625, 627 (7th Cir. 2003) (holding that BIA has authority to reissue decisions and that such decisions are subject to a "fresh petition for review"); *see also Lewis*, 481 F.3d at 129 ("[T]he BIA issued its final order of removal . . . when it reissued its decision.").

Here, the BIA "reissued" its 2003 decision dismissing Lewis's appeal of the denial of her application for cancellation of removal "as of today's date [*i.e.*, May 12, 2009]." JA 4. Thirty days later, on June 11, 2009, Lewis moved in this Court for a "Stay of Removal" and attached the BIA's "reissued" 2003 decision. U.S.C.A. dkt. sht. No. 09-2511-ag, entry at June 11, 2009. At oral argument, Lewis's counsel confirmed that Lewis seeks to challenge the BIA's "reissued" 2003 decision dismissing her appeal of the denial of her application for cancellation of removal on the theory that she was denied the right to counsel. We therefore construe Lewis's motion for a "stay of removal" as a petition for review of the merits of that decision. Her petition was timely because it was filed within thirty days of when the BIA reissued its decision. *See Lewis*, 481 F.3d at 128-29; *Firmansjah*, 347 F.3d at 627.

As discussed above, however, Lewis's and the government's briefs address only the BIA's denial, in May 2009, of Lewis's motion to reopen.  Accordingly, the parties are directed to submit supplemental briefs addressing, in addition to any other issues they may choose to brief, whether Lewis was denied the right to counsel when the BIA dismissed her appeal of the denial of her application for cancellation of removal by order dated July 9, 2003.  The briefs shall be filed in accordance with the accompanying scheduling order.