**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2015[*]
Decided January 21, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2381

| | |
|---|---|
| DIPAK ACHHAMI, <br>     *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals. |
|     *v.* | No. A088-769-809 |
| ERIC H. HOLDER, JR., <br> Attorney General of the United States, <br>     *Respondent*. | |

**O R D E R**

Dipak Achhami, a 34-year-old native and citizen of Nepal, petitions us to review the denial of his applications for asylum and withholding of removal. He fears future persecution based on a past threat to kidnap him and an unrelated stabbing at his former school. Because the threat was not sufficiently credible, the stabbing did not target him, and neither incident was based on a protected ground, we deny the petition.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

The Department of Homeland Security caught Achhami attempting to enter the United States in April 2008 without valid entry or travel documents and charged him with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I). At a hearing conducted without Achhami present, an immigration judge found him removable as charged and ordered him removed. Achhami then successfully moved to reopen proceedings and sought asylum, *id*. § 1158(b)(1), and withholding of removal, *id*. § 1231(b)(3), based on his fear of persecution from two groups in Nepal: (1) members of the Maoist political party, and (2) the entourage of Prince Paras, the son of Nepal's King Gyanendra.

During his removal hearing, Achhami explained why he fears these two groups. He first described a set of events involving the Maoists. One morning, while teaching a children's karate class, two Maoists interrupted his class and threatened to kidnap him if he, a black belt, would not train other Maoists in karate. Fearing that they would kill him once he finished the instruction, Achhami refused. They left him alone after 15 minutes. The same day he moved to Kathmandu, a part of Nepal where fewer Maoists live and where he believed that he would be safer. During his karate training about a week after he moved, two Maoist leaders who knew that he had moved there approached him and told him not to go anywhere. They never returned.

Achhami then recounted an unrelated event, which occurred a few weeks later, involving Prince Paras. Achhami witnessed a friend getting beaten by the Prince's entourage, and he stepped in to help his friend. Nothing happened to him then, and Achhami does not know if the entourage discovered his identity. Two weeks after that episode, Achhami learned that two members of Prince Paras's entourage stabbed someone at the local school where he was training; Achhami thought the attackers were targeting him. He decided to leave Nepal several months later.

In a written decision, the IJ found that despite Achhami's credible testimony, he had not established past persecution or a well-founded, reasonable fear of persecution, and thus the IJ denied relief from removal. Furthermore, the IJ concluded, even if Achhami's fear of attack was objectively reasonable, he had not shown that he would be harmed on account of his political opinion or membership in a particular social group.

The Board of Immigration Appeals summarily affirmed the IJ's decision in December 2011 and denied Achhami's motion to reconsider in June 2012. Then in January 2014, with new counsel, Achhami moved for the Board to reopen his proceedings based upon ineffective assistance of his prior counsel. The Board denied that request but ordered that its December 2011 decision would be reissued and "treated

as of today's date"—May 30, 2014—to allow Achhami an opportunity to timely petition for review.

We begin our analysis with some preliminaries. Because the Board reissued its decision, the Board triggered a new 30-day period to obtain judicial review. Achhami appealed within that period, giving us jurisdiction. *See Firmansjah v. Ashcroft*, 347 F.3d 625, 627 (7th Cir. 2003); *Lewis v. Holder*, 625 F.3d 65, 68 (2d Cir. 2010). And because the Board summarily affirmed the IJ's March 2010 decision, we review the IJ's decision. *See Juarez v. Holder*, 599 F.3d 560, 564 (7th Cir. 2010). We will not reverse that decision unless the record compels a finding of persecution. *See Khan v. Holder*, 766 F.3d 689, 695–96 (7th Cir. 2014). An alien can show persecution through credible threats to life or freedom and other violence or abuse, even if they are not life-threatening, but not from mere harassment, unpleasantness, or dangerous country conditions. *See Pathmakanthan v. Holder*, 612 F.3d 618, 622 (7th Cir. 2010); *Ahmed v. Gonzales*, 467 F.3d 669, 673 (7th Cir. 2006).

Neither of the incidents Achhami faced—the kidnapping threat by the Maoists and the stabbing of someone at the local school—compels a finding of past persecution. First, the Maoists' threat to kidnap Achhami if he did not teach them karate was not persecution because it was not credible. The Maoists left him untouched after Achhami refused their demand. Likewise, when other Maoists found him in Kathmandu, they did not harm him or even repeat the threat. Without any accompanying, significant force, the threat alone was insufficient to compel a finding of persecution. *Compare N.L.A. v. Holder*, 744 F.3d 425, 431–32 (7th Cir. 2014) (guerilla group's threat to kill alien was necessarily credible where group had recently murdered alien's uncle and kidnapped and starved alien's father), *with Bathula v. Holder*, 723 F.3d 889, 899–900 (7th Cir. 2013) (numerous death threats from "land mafia" without any accompanying force did not compel finding of persecution, even though later "someone" threw rocks at the petitioners and mafia associates followed them and once ran their car off the road), *Borovsky v. Holder*, 612 F.3d 917, 922 (7th Cir. 2010) (derogatory insults and unspecified threats without force did not require finding of persecution), *and La v. Holder*, 701 F.3d 566, 571 (8th Cir. 2012) (nonspecific threatening phone call without force did not compel finding of persecution).

Second, the stabbing by the Prince's entourage of someone else at Achhami's school does not require a finding of persecution of Achhami. At the hearing Achhami could not say that the attackers even knew his identity or where he trained, so the inference that the attack was meant for him is speculative. And Achhami may not rely

solely on "derivative persecution" (the persecution of others close to him) to establish that he suffered past persecution. *See Zhou Ji Ni v. Holder*, 635 F.3d 1014, 1018 (7th Cir. 2011).

Finally, even if Achhami did suffer persecution, he does not contest the IJ's alternative finding that he did not establish that either incident was based on a protected ground—race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42)(A). That unchallenged alternative finding requires that we DENY the petition for review.