[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13581
Non-Argument Calendar

_____

Agency No. A088-551-163

LONG CAO,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 25, 2019)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Long Cao, proceeding pro se, petitions for review of the Board of Immigration

Appeals' ("BIA") order denying his 2018 motion to reopen his immigration

proceedings, which were finalized in June 2014, and, alternatively, for the BIA to

reissue its June 2014 summary dismissal of his immigration appeal with a new date.

In his motion, Cao argued that he received ineffective assistance of counsel in his original immigration proceedings, because his attorney failed to file a brief to the BIA and to notify him of the BIA's decision after it was issued.  He alleged that he learned of the June 2014 dismissal in March 2017 through a Freedom of Information Act ("FOIA") request, and that he filed the instant motion in 2018 after attempting to satisfy the requirements of an ineffective assistance of counsel claim in the immigration courts.  The BIA denied the motion to reopen as untimely, concluding that equitable tolling was unwarranted based on the delay between its June 2014 decision and the filing of the motion in 2018, and based on the roughly one-year delay between March 2107, when Cao allegedly first learned of the decision, and when filed his motion in 2018.  For similar reasons, the BIA declined to reissue its June 2014 decision with a new date.  After careful review, we dismiss the petition in part and deny it in part.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion.  Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).  This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  Id.  We must affirm if the BIA's decision is based on reasoned consideration and shows that the BIA made adequate findings to support the outcome.  Lin v. U.S. Att'y Gen., 881 F.3d 860, 871-72 (11th Cir. 2018).

2

Under the Immigration and Nationality Act ("INA"), an alien may file one statutory motion to reopen his removal proceedings, and the motion must be filed within 90 days of the date of entry of the administratively final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C). The 90-day deadline is non-jurisdictional and is subject to equitable tolling. Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357, 1362-65 (11th Cir. 2013) (en banc). Typically, equitable tolling of a time deadline requires a showing that the litigant: (1) has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Lin, 881 F.3d at 872. In the context of a motion to reopen removal proceedings, there is no significant difference between the "extraordinary" circumstances required to justify equitable tolling and "exceptional circumstances" as defined by 8 U.S.C. § 1229a(e)(1). Avila-Santoyo, 713 F.3d at 1363 n.5. The INA defines "exceptional circumstances" as circumstances beyond the control of the alien, including battery or extreme cruelty and serious illness, "but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1). We've held that waiting more than three years to seek reopening "after the means to challenge that order [of removal] became available does not demonstrate diligence," particularly in light of the petitioner's lack of explanation for the delay. United States v. Watkins, 880 F.3d 1221, 1226 n.2 (11th Cir. 2018).

We've also previously determined that the BIA may require aliens to satisfy the procedural requirements set forth in Matter of Lozada, 19 I. & N. Dec. 673 (BIA

3

1988), for obtaining relief based on a claim of ineffective assistance of counsel. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005). Under Lozada, an alien asserting an ineffectiveness claim must: (1) submit an affidavit setting forth in detail the agreement entered into with counsel, (2) demonstrate that his counsel was informed of the allegations leveled against him and given an opportunity to respond, and (3) indicate whether a complaint had been filed with disciplinary authorities concerning counsel's representation. Dakane, 399 F.3d at 1274.

Here, the BIA did not abuse its discretion in denying the motion to reopen, based on its decision not to apply equitable tolling. For starters, the notice of the BIA's 2014 dismissal was mailed to Cao's address as reflected on the notice of appeal, and he failed to explain why over three-and-a-half years elapsed between the issuance of the decision and the filing of his motion. He was required to show "exceptional circumstances" beyond his control, such as extreme cruelty or serious illness, neither of which is akin to simply waiting an extended period of time to inquire about a decision. See 8 U.S.C. § 1229a(e)(1). Cao likewise failed to explain what steps he took during this interim period to determine whether the BIA had made a decision. Indeed, we've specifically held that waiting three years "after the means to challenge that order [of removal] became available does not demonstrate diligence." Watkins, 880 F.3d at 1226 n.2. What's more, Cao also did not submit a notarized affidavit stating that he never received the 2014 dismissal, so there is no

4

verified evidence to support his assertion that he did not receive the BIA's ruling until March 2017.

Further, not only was there a delay between the 2014 decision and the 2017 FOIA request, the BIA also relied on the fact that almost another year elapsed between when Cao received notice of the decision through the FOIA request in March 2017 and his filing in February 2018. Cao may well have been attempting to comply with the requirements of Lozado, but nothing in that case requires the alien to wait nearly a year for a response from prior counsel. Thus, on this record, the BIA's denial of equitable tolling was not an abuse of discretion, and Cao has failed to show any error in the BIA's denial of his motion to reopen.

We are also unpersuaded by Cao's claim that the BIA abused its discretion in denying Cao's request for reissuance. Even if we assume, arguendo, that the BIA had the authority to grant Cao's request,[1] we still conclude that the BIA did not abuse its discretion in denying his motion. For the reasons we've already discussed, Cao

---

[1] We have not expressly addressed, in a published opinion, whether the BIA has the authority to reissue its decision for the purpose of resetting the time period for a petitioner to file a petition for review. In one published opinion, we acknowledged, though we did not discuss, that the BIA had reissued its decision because of improper mailing of the original decision. See Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 n.3 (11th Cir. 2003). In addition, other circuits have held that a BIA's reissuance triggers a new 30-day period to file a petition for review. See Lewis v. Holder, 625 F.3d 65, 68 (2d Cir. 2010); Firmansjah v. Ashcroft, 347 F.3d 625, 626 (7th Cir. 2003). In Firmansjah, the Seventh Circuit expressly considered the question here, where a petitioner had not received notice of the BIA's decision, holding that although district courts are restricted from extending the time to appeal, no similar ban applies to administrative agencies and, thus, "there is no legal obstacle to judicial review." 347 F.3d at 626-27. Because it's clear that the BIA did not abuse its discretion in denying Cao's request for reissuance, we need not resolve whether the BIA would have had the authority to reissue its decision.

5

failed to establish that he exercised due diligence: (1) in the period between the issuance of the dismissal in June 2014 and his 2018 motion to reopen; and (2) assuming the veracity of his claim that he never received the decision, between learning of it in March 2017 and the 2018 motion.  Accordingly, Cao has failed to show that the BIA abused its discretion in denying his request for reissuance.

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**