366 F.3d 749
 José GARCIA-CORTEZ; Alicia Chavarin-Carrillo, Petitioners,
v.
John ASHCROFT, Attorney General, Respondent.
José Garcia-Cortez; Alicia Chavarin-Carrillo, Petitioners,
v.
John Ashcroft, Attorney General, Respondent.
 No. 02-70866.
 No. 02-72720.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 31, 2004.
 Filed April 27, 2004.
 
 Jaime Jasso, California Alien Rights Project, Los Angeles, CA, for the petitioners.
 John M. McAdams, Jr., and Michelle R. Thresher, Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent.
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before HALL, TROTT, and CALLAHAN, Circuit Judges.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 The petitioners, José Garcia-Cortez and Alicia Chavarin-Carrillo, challenge the Board of Immigration Appeals' (BIA) summary dismissal of their appeal of a final order of removal for failure to timely file their brief, along with the BIA's denial of their subsequent motion for reconsideration. Garcia and Chavarin contend that their Notice of Appeal (Form EOIR-26) provided the BIA with adequate notice of the specific grounds for their appeal and that, consequently, the BIA improperly dismissed their appeal summarily for failure to timely file a brief.
 
 
 2
 We exercise jurisdiction under 8 U.S.C. § 1252. We hold that it was not appropriate for the BIA to summarily dismiss this appeal for failure to timely file a brief, because the petitioners set forth sufficiently detailed reasons in support of their appeal on their Notice of Appeal. We remand to the BIA for consideration of the merits of the petitioners' claims.
 
 FACTS
 
 3
 José Garcia-Cortez and Alicia Chavarin-Carrillo each entered the United States from Mexico. They met and married in America and now have three children who are U.S. citizens. On May 16, 1997, the INS issued Notices to Appear charging that Garcia and Chavarin were removable. On August 18, 1997, Garcia and Chavarin appeared without counsel before the immigration judge (IJ). They conceded that they were removable but indicated that they would apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1)[1] as well as voluntary departure.
 
 
 4
 Garcia and Chavarin appeared without counsel for their merits hearing on February 24, 1998. Both said that they desired to proceed pro se. The IJ conducted the hearing to determine whether either Garcia or Chavarin had been in the United States before May 20, 1987, and whether removal would cause their children exceptional and extremely unusual hardship. In his oral decision, the IJ answered both questions in the negative. The IJ also found that Garcia and Chavarin are persons of good moral character. He ordered their removal to Mexico, but granted them voluntary departure.
 
 
 5
 On March 9, 1998, the petitioners appealed the IJ's decision. They explained the reasons supporting their appeal on the Notice of Appeal form:
 
 
 6
 We are asking to go back to the Judge because we believe he made a mistake. We had asked for suspension of deportation and gave the Judge proof that we had been in U.S. for more than 10 years. Jose had a letter from the employment he had 10 years ago and the Judge didn't even take that into account. We don't have any bad record and never got welfare or anything like that. We have kids born in U.S. We thought we didn't need Attorney because when we gave papers to the Judge he took them and said they were good. The Judge said the last time that we should have brought witnesses but he did not tell us ahead of time. We now want to get Attorney to help us with this and separate written briefs and send you copies of all our proofs so you can send our case back to that Judge because we are here 10 yrs. Thank you.
 
 
 7
 Garcia and Chavarin checked the box on the Notice of Appeal to indicate that they would file a separate written brief in support of their appeal. The BIA served them with the IJ's decision and the hearing transcript on June 27, 1998, requiring them to file their brief by July 29, 1998. At their request, the BIA granted Garcia and Chavarin an extension of time to file their brief. Nevertheless, according to the BIA, the petitioners failed to file their brief by the new deadline of August 19, 1998. The BIA rejected and returned the allegedly untimely brief on September 29, 1998. The rejection letter contained instructions for filing a motion for consideration of a late-filed brief, but Garcia and Chavarin did not file the motion. They claim they did not learn that the BIA had rejected their brief until its summary decision was issued two-and-a-half years later.
 
 
 8
 In its decision of March 25, 2002, the BIA stated that it was summarily dismissing Garcia and Chavarin's appeal on a technicality — their alleged failure to file their brief on time:
 
 
 9
 The appellant checked Box 6 on the Notice of Appeal (Form EOIR-26) indicating that a separate written brief or statement would be filed in addition to the reasons for appeal accompanying the Notice of Appeal. Block 6 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if the appellant indicates that such a brief or statement will be filed and, "within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." The appellant was granted the opportunity to submit a brief or statement in support of the appeal. However, the record indicates that appellant did "not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 3.1(d)(2)(i)(D). Moreover, upon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of the case was in error. Accordingly, we find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D).
 
 
 10
 The petitioners moved for reconsideration. They maintained that they mailed their brief on time. On July 24, 2002, the BIA denied the motion, stating that Garcia and Chavarin were "unable to submit documentary evidence of the mailing receipt because mailing occurred over 4 years ago." This timely appeal followed.
 
 ANALYSIS
 
 11
 We recently addressed the federal regulation at issue in this case, 8 C.F.R. § 1003.1(d)(2)(i)(E) (formerly 8 C.F.R. § 3.1(d)(2)(i)(D) (2002)),[2] in Singh v. Ashcroft, 361 F.3d 1152, 2004 WL 527859 (9th Cir. Mar.18, 2004). In that case, we held that the BIA may summarily dismiss an alien's appeal for failure to timely file a brief under 8 C.F.R. § 1003.1(d)(2)(i)(E) if the alien indicates on his Notice of Appeal (Form EOIR-26) that he will file a brief but never does, and fails to specify on his Notice of Appeal precisely how and why the IJ erred. Id. at *3. Singh, an asylum applicant from India, appealed the IJ's final order of removal. He wrote on his Notice of Appeal that the IJ "improperly denied the Respondent's claim having given undue weight to minor inconsistencies in the testimony, by failing to consider proper and consistent testimony." Id. at *1. Singh added that he would provide the "exact reasons" why the BIA should reverse the IJ in his brief. Like the petitioners in this case, he checked the box on the Notice of Appeal to indicate that he would file a brief in support of his appeal. But Singh neither filed a brief nor explained why he failed to do so. Id. We therefore upheld the BIA's summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E). Id. at *3.
 
 
 12
 Singh, however, differs from this case in three legally significant respects: first, these petitioners listed specific reasons in support of their appeal on the Notice of Appeal; second, the BIA eventually received their brief; and third, these petitioners filed a motion for reconsideration.
 
 
 13
 Singh also instructs that the BIA's statement: "upon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of the case was in error" — the same language the BIA employed to dismiss Garcia and Chavarin's appeal — did not constitute an adoption of the IJ's decision, but amounted to a dismissal on purely procedural grounds. Id. at *2-3. Accordingly, we may not reach the merits of the IJ's decision here, but are restricted to reviewing the BIA's summary dismissal for appropriateness. See id. at *2; Casas-Chavez v. INS, 300 F.3d 1088, 1089 (9th Cir.2002).
 
 
 14
 As Singh illustrates, it is well-established that the BIA may summarily dismiss an alien's appeal "if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of `what aspects of the decision were allegedly incorrect and why.'" Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988) (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1364-65 (9th Cir.1985)) (emphasis added). In Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992), we recognized that the alien must "provide meaningful guidance to the BIA" by informing the BIA of the precise issues contested on appeal. This specificity requirement may be satisfied "in one of two ways: by setting out the reasons on the Notice of Appeal itself or by filing a separate brief." Casas-Chavez, 300 F.3d at 1090 (holding that the alien's Notice of Appeal satisfied the specificity requirement and remanding for consideration of the merits where the alien checked the box indicating that he would file a brief but never did so).
 
 
 15
 When an alien gives detailed reasons to support his appeal, either in a separate brief or on the Notice of Appeal itself, summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E) violates the alien's due process rights as guaranteed by the Fifth Amendment. Id. at 1090 n. 2. Due process "requires that aliens who seek to appeal be given a fair opportunity to present their cases." Padilla-Agustin v. INS, 21 F.3d 970, 978 (9th Cir.1994), overruled on other grounds by Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). The federal regulation operates within the bounds of this constitutional guarantee. The reason why it is permissible for the BIA to summarily dismiss an appeal for failure to timely file a brief is that an alien appealing an order of removal must provide the BIA with adequate notice of the specific grounds for his appeal. But when the alien has in fact provided such notice to the BIA, this justification falls away, and summary dismissal for failure to timely file a brief violates the alien's constitutional right to a fair appeal. See Casas-Chavez, 300 F.3d at 1090-91.
 
 
 16
 A Notice of Appeal satisfies the BIA's specificity requirement if the reasons provided "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." Toquero, 956 F.2d at 195 (quoting Reyes-Mendoza, 774 F.2d at 1365). The alien need not challenge every basis for the IJ's decision. The Notice of Appeal is sufficiently specific if the alien explains in a short and plain statement exactly how and why the IJ erred. Challenges to the IJ's factual findings must contain "a discussion of the particular details contested," indicating "which facts were in contention and how the IJ misinterpreted the evidence." Toquero, 956 F.2d at 195-96 (internal quotation marks and citations omitted). On the other hand, conclusory or generalized statements that the IJ abused his discretion or wrongfully ordered the alien's removal fail to meet the specificity requirement, because they do not meaningfully direct the BIA in its review. See Toquero, 956 F.2d at 195; Singh, 361 F.3d 1152, 2004 WL 527859, at *3.
 
 
 17
 Garcia and Chavarin provided sufficiently detailed reasons on their Notice of Appeal explaining how and why the IJ erred. First, they stated that the IJ failed to accord proper weight to a letter written by Garcia's former employer that was introduced into evidence. The letter stated that Garcia resided in the United States before May 19, 1987, and therefore had been physically present in the country for more than ten years before he was served with the Notice to Appeal. Although the IJ discounted the employer's letter, finding that it was hearsay and inconsistent with Garcia's testimony, the letter provided important corroborating evidence on the physical presence inquiry. The evidence regarding physical presence was close and confused, and the IJ's treatment of the letter was a legitimate issue for appeal.
 
 
 18
 Second, the petitioners stated that the IJ had treated them unfairly by referring in his decision to their failure to call witnesses, after he had neglected to inform them that they had the right to call witnesses.[3] This, too, is a valid and specific due process argument that was properly submitted to the BIA. Indeed, in reaching the merits of Garcia and Chavarin's appeal, the BIA might well conclude that the IJ violated their due process rights. Garcia and Chavarin lacked an attorney — and the ability to speak and understand English — yet the record discloses that the IJ treated them in an abrasive, heavy-handed manner.
 
 
 19
 The petitioners' Notice of Appeal met the BIA's specificity requirement by providing meaningful notice of the precise issues contested on appeal. We remand to the BIA for a determination on the merits.
 
 
 20
 PETITION GRANTED; REMANDED.
 
 
 
 Notes:
 
 
 [1]
 To qualify for cancellation of removal, an applicant must establish that he or she: "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense ...; and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)
 
 
 [2]
 "The Board may summarily dismiss any appeal or portion of any appeal in any case in which ... (D) The party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E)
 
 
 [3]
 The IJ, however, informed the petitioners that "you do have the right during these proceedings to examine and object to any evidence presented against you, to present evidence on your behalf, and to question any witnesses that come up against you."