Adriana Guillermina BANDA–LEDEZ-MA; Maria Concepcion Plateros–Banda, Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–71496.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.**

Decided July 13, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael S. Cabrera, Esq., Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Michael K. Baker, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

## MEMORANDUM ***

Adriana Guillermina Banda–Ledezma and her daughter Maria Concepcion Plateros–Banda, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Iturri-barria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Banda–Ledezma's motion to reopen as untimely where Banda–Ledezma filed the motion more than ninety days after the BIA's final order of removal and did not show she was entitled to equitable tolling. *See id.* at 897, 899 (equitable tolling applies "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering" the misconduct).

The BIA also acted within its discretion in denying the motion because Banda–Ledezma failed to establish she was prejudiced by the claimed ineffective assistance. *See id.* at 899–900, 901–03 (holding that petitioner's ineffective assistance of counsel claim failed because he did not establish prejudice from his counsel's misconduct). Cancellation of removal requires a showing of hardship to a qualifying relative, *Garcia–Cortez v. Ashcroft*, 366 F.3d 749, 750 n. 1 (9th Cir.2004), and Banda–Ledezma admits that she lacks such a relative. As she does not claim she is eligible for any other form of relief from removal, she cannot establish prejudice from her consultant's or attorney's actions. *See Iturribarria*, 321 F.3d at 903.

Banda–Ledezma's equal protection claim is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (holding NACARA does not violate equal protection because it satisfies the rational basis test).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.