**Nemesio DE LA CRUZ GAMARRA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72913.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Nemesio De La Cruz Gamarra, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily dismissed his appeal of the Immigration Judge's order denying his application for asylum and withholding of removal. We deny in part and dismiss in part the petition for review.

We have jurisdiction over Gamarra's summary dismissal claim under 8 U.S.C.

§ 1252. We review the BIA's summary dismissal for an abuse of discretion. *Singh v. Gonzales*, 416 F.3d 1006, 1008–09 (9th Cir.2005). We review due process claims de novo. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

■ Gamarra contends that the BIA erred in summarily denying his appeal. We disagree. Gamarra's Notice of Appeal only contained conclusory statements, and it failed to set forth the specific grounds for his appeal. Therefore, summary dismissal was appropriate. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir.2004); *cf. Garcia–Cortez v. Ashcroft*, 366 F.3d 749, 753 (9th Cir.2004). Furthermore, we do not find that there was a due process violation because Gamarra's counsel's failure to file a supporting brief as she indicated she would, even after the BIA granted an extension of time, was not caused by any deficiency in the BIA's notice requirements. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir.2003).

■ Gamarra also contends that the case should be remanded to the BIA because of ineffective assistance of counsel. We lack jurisdiction over Gamarra's ineffective assistance of counsel claim because he did not exhaust his administrative remedies by first raising this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004); *see also Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (holding that the petitioner must exhaust administrative remedies by first presenting ineffective assistance of counsel claim to the BIA).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.