**Gustavo Adolfo DIAZ–CANO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73363.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2007.

Filed May 25, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Arizona College of Law Legal Clinic, Tucson, AZ, for Petitioner.

Gustavo Adolfo Diaz Cano, Las Vegas, NV, pro se.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Bryan S. Beier, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and SAND *, Senior District Judge.

### MEMORANDUM **

■ Given the liberal standard used to construe pro se litigants' claims, Diaz–Cano sufficiently raised his claim before the Board of Immigration Appeals ("BIA") that the Immigration Judge ("IJ") used the wrong legal standard in determining whether Diaz–Cano demonstrated a well-founded fear of past persecution. Therefore, he exhausted administrative remedies as to this claim. *See Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir.2002).

■ The IJ's use of the term "severe" in holding that Diaz–Cano failed to establish "severe past persecution" and the IJ's citation to a case that applies the standard for humanitarian asylum, render it impossible to determine whether he applied the correct legal standard in considering Diaz–

Willie M.J. Curtis, Esq., The University of Arizona James E. Rogers College of Law, University of Arizon, University of

---

* The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cano's claim of past persecution. We, therefore, remand to the BIA for clarification of the basis of its decision to affirm the IJ. *See Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1191 (9th Cir.2005).

█ The IJ did not make an alternative holding that even if Diaz–Cano had demonstrated past persecution, in any event, the government had rebutted the presumption of a well-founded fear of future persecution. The IJ's reference to the "two-prong 'reasonable man'" standard shows that the IJ was discussing changed country circumstances in the context described in 8 C.F.R. § 208.13(b)(2). Therefore, there is no independent bar to Diaz–Cano's claim. *See Tarubac v. INS,* 182 F.3d 1114, 1120 n. 5 (9th Cir.1999).

█ By failing to give Diaz–Cano notice and an opportunity to respond to the facts of which the IJ took administrative notice, the IJ may have abused his discretion. *See Circu v. Gonzales,* 450 F.3d 990, 993 (9th Cir.2006) (en banc). However, Diaz–Cano failed to raise this issue before the BIA with an adequate level of specificity and, therefore, did not exhaust administrative remedies as to this issue. *See Garcia–Cortez v. Ashcroft,* 366 F.3d 749, 753 (9th Cir.2004) ("[C]onclusory or generalized statements that the IJ abused his discretion or wrongfully ordered the alien's removal fail to meet the specificity requirement, because they do not meaningfully direct the BIA in its review."). We, therefore, lack jurisdiction to consider this issue now.

**REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.