**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIGUEL ERASMO MILLANES-GONZALEZ, | No. 13-72947 |
| Petitioner, | Agency No. A089-821-125 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Miguel Erasmo Millanes-Gonzalez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") summary dismissal of

his appeal from an immigration judge's decision denying his application for

cancellation of removal, and the BIA's denial of his motion to remand. Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the summary dismissal of an appeal, *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005), and the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in summarily dismissing Millanes-Gonzalez's appeal because he failed to file a brief or statement as he indicated on his Notice of Appeal, and the Notice of Appeal itself lacked sufficient specificity regarding the grounds for appeal. *See* 8 C.F.R. 1003.1(d)(2)(i)(E); *Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 752 (9th Cir. 2004) ("it is well-established that the BIA may summarily dismiss an alien's appeal 'if an alien submits no separate written brief or statement to the BIA *and* inadequately informs the BIA of what aspects of the decision were allegedly incorrect and why'" (internal quotation marks and citations omitted)).

The BIA did not abuse its discretion in denying Millanes-Gonzalez's separately filed motion to remand, because he failed to introduce previously unavailable, material evidence that he was entitled to withholding of removal and protection under the Convention Against Torture. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). In these circumstances,

the BIA did not err in rejecting Millanes-Gonzalez's request that the BIA hold adjudication of his case in abeyance. *Najmabadi*, 597 F.3d at 990.

We lack jurisdiction to review Millanes-Gonzalez's unexhausted contention regarding the merits of his application for cancellation of removal. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We also lack jurisdiction over his challenge to the BIA's decision not to administratively close his case. *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1118-20 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**