**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



XUEZHI JIA,

          Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

          Respondent.

No. 12-72964

Agency No. A088-293-895

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Xuezhi Jia, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture. Our jurisdiction is governed by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the BIA's decision to summarily dismiss an appeal. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in summarily dismissing Jia's appeal because he failed to file a brief or statement as he indicated on his Notice of Appeal, and the Notice of Appeal itself lacked sufficient specificity regarding the grounds for appeal. *See* 8 C.F.R. 1003.1(d)(2)(i)(A),(E); *Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 752 (9th Cir. 2004) ("it is well-established that the BIA may summarily dismiss an alien's appeal if an alien submits no separate written brief or statement to the BIA *and* inadequately informs the BIA of what aspects of the decision were allegedly incorrect and why") (internal quotation marks and citations omitted) (emphasis in original); *see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819-20 (9th Cir. 2003) (summary dismissal appropriate where the Notice of Appeal "merely contained generalized and conclusory statement[s] about the proceedings before the IJ and failed to specify the particular details contested") (internal citation and quotation omitted).

We lack jurisdiction to consider Jia's contentions challenging the IJ's denial

of relief because he did not raise them to the BIA.  *See Barron v. Ashcroft*, 358

F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**