**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENKELEJDA POCI, | No.  15-73661 |
| Petitioner, | Agency No. A089-564-759 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Enkelejda Poci, a native and citizen of Albania, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for a waiver under 8 U.S.C.

§ 1186a(c)(4).  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's decision to summarily dismiss an appeal. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in summarily dismissing Poci's appeal where she indicated on her notice of appeal that a separate written brief would be filed but failed to file a brief, and her notice of appeal lacked sufficient specificity regarding the grounds for appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A); *cf. Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 752 (9th Cir. 2004) (the BIA may summarily dismiss an alien's appeal if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of what aspects of the decision were allegedly incorrect and why).

We lack jurisdiction to consider Poci's contentions regarding the merits of her case, her ex-husband's testimony, and the alleged ineffective assistance of counsel, because she failed to raise these contentions before the BIA and thereby failed to exhaust her administrative remedies. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to review contentions not raised before the agency); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.