**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO CALZADILLA-TOBAR, | No.   16-73333 |
| Petitioner, | Agency No. A099-063-088 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Pedro Calzadilla-Tobar, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order summarily dismissing

his appeal from an immigration judge's removal order. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision to summarily dismiss an appeal, and review de novo due process claims and questions of law. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We review for abuse of discretion the BIA's decision to reject an untimely brief. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in summarily dismissing Calzadilla-Tobar's appeal and rejecting his brief as untimely, where he indicated on his notice of appeal that a separate written brief would be filed but failed to timely file a brief or sufficiently explain his failure to do so, and his notice of appeal lacked sufficient specificity regarding the grounds for appeal. *See* 8 C.F.R. §§ 1003.1(d)(2)(i)(A), (E), 1003.3(c)(1); *Zetino*, 622 F.3d at 1013 (BIA did not abuse its discretion or violate due process by denying an untimely brief under a regulation indicating that it could or could not accept the brief); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir. 2003) (no due process violation where failure to file a brief was caused by counsel's mistake, as opposed to a deficiency in BIA's procedures); *cf. Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 753-54 (9th Cir. 2004) (BIA may violate an alien's due process rights if it summarily dismisses an appeal for failing to file a brief, where the notice of appeal is sufficiently detailed to put the BIA on notice of the issues on appeal).

Calzadilla-Tobar's contentions that the BIA did not sufficiently explain its

decision or engaged in impermissible factfinding are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

We do not reach Calzadilla-Tobar's unexhausted contention that ineffective assistance of counsel excused the late filing of the brief. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order) (stating that to the extent petitioners contend they received ineffective assistance of counsel, the court lacked jurisdiction because it was not raised before the BIA); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (petitioner must sufficiently put the BIA on notice as to specific issues so that the BIA has an opportunity to pass on those issues).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-73333