NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAYRON CHEX CANCIONS, | No. 20-71368 |
| Petitioner, | Agency No. A213-016-628 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted July 29, 2021[**]
Pasadena, California

Before: M. SMITH and LEE, Circuit Judges, and ROBRENO,[***] District Judge.

Bayron Chex Cancions, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") summarily

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review because the BIA did not abuse its discretion in summarily dismissing the appeal or denying Cancions an extension of time to file his appeal brief, and we lack jurisdiction to consider his arguments concerning the IJ's denials of relief.

1.      Summary dismissal is appropriate if a petitioner failed to submit a brief and failed to adequately inform the BIA of the reasons for appeal. *See Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 752 (9th Cir. 2004) ("[I]t is well-established that the BIA may summarily dismiss an alien's appeal 'if an alien submits no separate written brief or statement to the BIA *and* inadequately informs the BIA of "what aspects of the decision were allegedly incorrect and why."'" (quoting *Martinez-Zelaya v. INS*, 841 F.2d 294, 296 (9th Cir. 1988))). Here, the reason listed for appeal in the Notice of Appeal was simply "[b]rief to follow," AR 16, so Cancions failed to specify the reasons for the appeal, and no separate brief was filed. Thus, summary dismissal was appropriate and the BIA did not abuse its discretion.

2.      The court reviews the BIA's denial of an extension of time to file an appeal brief under an abuse of discretion standard because the relevant regulation states that the BIA, "upon written motion and a maximum of one time per case, *may* extend the period for filing a brief or, if permitted, a reply brief for up to 14

2

days for good cause shown." 8 C.F.R. § 1003.3(c)(1) (2020) (emphasis added); *cf. Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (applying an abuse of discretion standard to the portion of 8 C.F.R. § 1003.3(c)(1) dealing with the BIA's decision to consider briefs filed out of time). Similarly to the summary dismissal regulation, the use of the word "may" in this regulation indicates that the BIA's decision whether to grant or deny a motion to extend the time to file a brief is discretionary and that an abuse of discretion standard should apply. *See Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005) (holding that the proper standard of review for summary dismissal is abuse of discretion after explaining that "[t]he regulation at issue here states that the BIA 'may' summarily dismiss an appeal for failure to state specific reasons or file a promised brief. Consequently, the Board's decision whether to dismiss is discretionary." (citation omitted)).

Here, the BIA issued a briefing schedule informing Cancions that his brief was due on November 18, 2019. On November 18 at 4:25 P.M., the BIA received a motion from Cancions requesting a "short extension" because the briefing schedule "was just barely received by Counsel last week." AR 7. The BIA practice manual provides that "[e]xtension requests must be received by the Board by the brief's original due date; however, requests filed the same day as a brief is due are particularly disfavored and granted only in the most compelling of circumstances." BIA Practice Manual, at 65-66 (Revised Oct. 5, 2020),

3

https://www.justice.gov/eoir/page/file/1324276/download. The BIA found that Cancions did not establish good cause and denied his motion for an extension. Given that the motion did not provide any explanation as to (1) why there was a delay in receipt of the briefing schedule or (2) why the delay meant that the brief could not be filed on time, the BIA did not abuse its discretion in denying the motion for an extension of time.

3.      In his opening brief, Cancions challenges the IJ's denials of his applications for asylum, withholding of removal, and CAT protection. However, Cancions did not raise those challenges to the BIA, and thus, there is no BIA finding on those issues because they were not exhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (finding that the same statutory provision at issue in this case (i.e., 8 U.S.C. § 1252(d)(1), which governs judicial review of final orders of removal) "specifically mandates that the exhaustion of administrative remedies is a prerequisite to our jurisdiction"). Given that the applicable statute mandates exhaustion before we can exercise jurisdiction, we lack jurisdiction to consider the underlying denials of relief.

**THE PETITION FOR REVIEW IS DENIED**, and, accordingly, **THE MOTION FOR STAY OF REMOVAL IS DENIED AS MOOT.**

4