**NOT FOR PUBLICATION**

FILED

SEP 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOSMANY MOLINA-CARILLO, | No. 19-72982 |
| Petitioner, | Agency No. A203-498-774 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2021
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

Petitioner Yosmany Molina-Carillo, a native and citizen of Cuba, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order summarily

dismissing his appeal from an immigration judge's ("IJ") decision denying his

applications for asylum, withholding of removal, and relief under the Convention

Against Torture. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The BIA did not abuse its discretion in summarily dismissing Petitioner's appeal. 8 C.F.R. § 1003.1(d)(2)(i)(A), (E); see Singh v. Gonzales, 416 F.3d 1006, 1009 (9th Cir. 2005) (stating standard of review). Summary dismissal is appropriate if the petitioner has failed to provide the BIA with "meaningful guidance" as to the reasons for the appeal, either in his Notice of Appeal or in a separate brief. Toquero v. INS, 956 F.2d 193, 195 (9th Cir. 1992); Casas-Chavez v. INS, 300 F.3d 1088, 1090 (9th Cir. 2002). The BIA is not required to "search through the record and speculate on what possible errors the [petitioner] claims" or "decipher general statements of error, unsupported by specific factual or legal references." Rojas-Garcia v. Ashcroft, 339 F.3d 814, 820 (9th Cir. 2003) (alteration in original) (internal quotation marks omitted).

Petitioner's Notice of Appeal states only that he "has fear to return to his native country of Cuba due to his protected ground thas [sic] Political Opinion." That is a "generalized and conclusory statement" that fails to satisfy the regulation's specificity requirement. Toquero, 956 F.2d at 195. We construe pro se notices liberally. Nolasco-Amaya v. Garland, No. 20-70187 (9th Cir. 2021). But Petitioner's Notice of Appeal, even read broadly, does not alert the BIA as to why he believes that the IJ erred. See Garcia-Cortez v. Ashcroft, 366 F.3d 749, 753 (9th Cir. 2004) (describing the specificity requirement).

2

2. Petitioner also asks this court to review the IJ's decision. But because the BIA dismissed Petitioner's appeal on procedural grounds, we lack jurisdiction to consider the IJ's underlying denial of Petitioner's applications for relief. See id. at 752 ("[W]e may not reach the merits of the IJ's decision here, but are restricted to reviewing the BIA's summary dismissal for appropriateness.").

**PETITION DENIED.**