NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO GUZMAN, AKA Alejandro Deniz, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  19-72159 <br><br> Agency No. A098-345-482 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2021[**]
San Francisco, California

Before:  GOULD and BEA, Circuit Judges, and VITALIANO,[***] District Judge.

Alejandro Guzman ("Guzman") petitions for review the Board of

Immigration's ("BIA") summary dismissal of his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

withholding of removal under INA § 241(b)(3), and withholding of removal under the Convention Against Torture. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here.

We review the BIA's summary dismissal of an appeal for abuse of discretion. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). 8 C.F.R. § 1003.1(d)(2)(i) requires a petitioner provide the BIA with notice of the reason for appeal "by setting out the reasons on the Notice of Appeal itself or by filing a separate brief." *Nolasco-Amaya v. Garland*, No. 20-70187, 2021 WL 4436186, at *3 (9th Cir. Sept. 28, 2021) (quoting *Casas-Chavez v. INS*, 300 F.3d 1088, 1090 (9th Cir. 2002)). Guzman did not provide any reasons for his appeal on either his Notice of Appeal or a supplemental brief. On this record, the BIA did not abuse its discretion in summarily dismissing Guzman's appeal. *See, e.g.*, *Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 752 (9th Cir. 2004) (quoting *Martinez–Zelaya v. INS,* 841 F.2d 294, 296 (9th Cir.1988)) ("[I]t is well-established that the BIA may summarily dismiss an alien's appeal 'if an alien submits no separate written brief or statement to the BIA *and* inadequately informs the BIA of 'what aspects of the decision were allegedly incorrect and why.'").

Similarly, the BIA did not abuse its discretion in denying Guzman's untimely request for an extension of time to file his brief. 8 C.F.R. § 1003.3(c)(1) states that the BIA "may" extend the time for filing a brief and makes clear that

"[n]othing in this paragraph (c)(1) shall be construed as creating a right to a briefing extension for any party in any case." Guzman mailed his request for an extension of time to submit his brief twenty-six days after the BIA's reasonable deadline. The BIA acted within its discretion in denying this request.

Nor were Guzman's due process rights violated. We review due process challenges *de novo*. *Zetino v. Holder*, 622 F.3d 1007, 1101 (9th Cir. 2010). "A petition for review will only be granted on due process grounds if '(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Id.* at 1013 (quoting *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)). The BIA's summary dismissal of Guzman's appeal did not violate his due process rights because he had the opportunity to reasonably present his case: Guzman was warned that he needed to provide reasons for his appeal and was given a reasonable amount of time to do so. Despite this, Guzman never provided the BIA with any reasons for his appeal.

Guzman's additional due process claims also fail. First, Guzman claims that the Immigration Judge ("IJ") erred by failing to request certified dispositions of his alleged criminal violations and failing to analyze whether the alleged convictions involved moral turpitude. Both of these claims relate to the IJ's finding that

3

Guzman was ineligible for post-conclusion voluntary relief. They cannot show prejudice because the IJ denied Guzman post-conclusion voluntary departure on two alternative grounds, only one of which involved a finding of moral turpitude. Second, Guzman alleges that the I-213 admitted as an exhibit by the IJ contained several factual inaccuracies. While true, this allegation does not show prejudice because the factual inaccuracies were irrelevant to the IJ's decision and the IJ's decision contained the correct factual information.

Guzman's due process rights were not violated by the IJ failing to adequately develop the record. In pro se cases, the IJ has a special duty to "fully develop the record . . . by probing into relevant facts and by providing appropriate guidance as to how the alien may prove his application for relief." *Agyeman v. I.N.S.*, 296 F.3d 871, 884 (9th Cir. 2002). The IJ sufficiently developed the record by, among other things, confirming Guzman's application was correct, considering numerous exhibits submitted by Guzman, questioning Guzman in depth about his application, and affording Guzman an opportunity to add additional information or emphasize a point. On this record, the proceedings were not so fundamentally unfair that Guzman was prevented from reasonably presenting his case.

The BIA did not review the IJ's underlying denial of relief, so we lack jurisdiction to review the IJ's decision on the merits. *See Garcia-Cortez*, 366 F.3d at 752.

4

**PETITION FOR REVIEW DENIED**.