**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARIA DAMIAN-GALLARDO, a.k.a. DARIA GALLARDO DAMIAN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  19-70230 <br><br> Agency No. A213-014-937 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2021
San Francisco, CA

Before:  GOULD and BEA, Circuit Judges, and VITALIANO,[**] District Judge.

Daria Damian-Gallardo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order affirming the finding by an

Immigration Judge ("IJ") that petitioner was competent to participate in her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

removal proceedings but dismissing the balance of her petition, which sought review of the IJ's order denying her various applications aimed at obtaining relief from an order of removal. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here, except as context requires.

The BIA's affirmance of an IJ's finding of competency is subject to abuse of discretion review for procedural compliance with *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011).[1] *See Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). Factual findings substantiating competency, however, are reviewed under the substantial evidence standard. *See Salaam v. I.N.S.*, 229 F.3d 1234, 1237–38 (9th Cir. 2000).

Although, in applying *M-A-M-* to determine whether a petitioner who manifests indicia of incompetency has the capacity to participate in her removal proceedings, an IJ must take "some 'measures'" to assess competency, *see Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1183 (9th Cir. 2018) (quoting *M-A-M-*, 25 I. & N. Dec. at 40), no specific approach, method, or manner of inquiry is

---

[1] On a prior appeal, having concluded that Damian-Gallardo had sufficiently manifested indicia suggesting incompetency, the BIA remanded to the IJ for the purpose of conducting a competency hearing compliant with the controlling *M-A-M-* framework.

mandated.  Rather, an *M-A-M-*compliant inquiry will vary with the circumstances as they are revealed.  *See* 25 I. & N. Dec. at 480.

Put to that test, the IJ's inquiry into Damian-Gallardo's competency comfortably satisfied the procedural guidelines set forth by BIA precedent. Indeed, the IJ applied several of the techniques listed as examples in *M-A-M-*.  *See* 25 I. & N. Dec. at 480–81.  For instance, the IJ consistently simplified, explained, and repeated questions when Damian-Gallardo expressed confusion about the topic or question at hand.  The IJ also asked petitioner about her medications and how she was feeling, continued the proceedings to allow submission of additional evidence, and considered Damian-Gallardo's medical records.  Yet, notwithstanding the breadth of discretion accorded the IJ to fashion the competency inquiry, petitioner zeroes in only on the measures that were *not* employed and pays little heed to the results obtained from those that were.

At bottom, competency evaluations serve to determine whether the petitioner "has a rational and factual understanding of the nature and object of the proceedings . . . and has a reasonable opportunity to examine and present evidence and cross-examine witnesses."  *M-A-M-*, 25 I. & N. Dec. at 479.  If we were to cherry-pick the record, we would, of course, find instances in which Damian-Gallardo expressed momentary confusion.  But such moments were outweighed by the many instances where she was able to communicate effectively with the IJ,

answer the IJ's questions, and present evidence going to the core of her claims. For example, petitioner explained her relationship with her children and other family members, articulated the reasons why she feared returning to Mexico, and recounted, in detail, the abuse she suffered in Mexico. Thus, not only does the record show that she was capable of participating in her removal proceedings, it shows that she, in fact, did. Accordingly, the IJ's determination that Damian-Gallardo was competent to participate in her removal proceedings was supported by substantial evidence. The BIA's affirmance of that finding, therefore, was not an abuse of discretion, and to the extent that petitioner seeks review of it, the petition is denied.

Turning to the substance of petitioner's various applications for relief from removal, we conclude that we lack jurisdiction to entertain these claims because she has failed to exhaust them. Although pro se briefs filed with the BIA are construed liberally in favor of their filer, *see Ren v. Holder*, 648 F.3d 1079, 1083–84 (9th Cir. 2011), to satisfy the exhaustion requirement, a pro se petitioner must still provide the BIA with sufficient notice of the specific issue being contested, *see Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 753 (9th Cir. 2004). Damian-Gallardo's BIA brief misses that mark.

Even given its most liberal construction, petitioner's brief to the BIA did not meaningfully identify a particular error in the IJ's decision on the merits. Neither

4

the recital, without elaboration, of her filed applications for asylum, withholding of removal, and relief under the Convention Against Torture in the caption of her brief, nor her general declaration that she feared returning to her home country, meaningfully directed the BIA to review a particular aspect of the IJ's detailed order. Though, as a pro se litigant, Damian-Gallardo did not need to use specific legal terms or elaborate on any stated argument, she needed to offer the BIA more than a blank slate.

Damian-Gallardo's failure to properly present to the BIA the issues she seeks to present here is fatal to review. Simply put, we are without jurisdiction to review the BIA's order dismissing her appeal from the IJ's decision, much less consider her merits-based claims. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013).

PEITION DENIED IN PART AND DISMISSED IN PART.