**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN SALVADOR OROZCO-RAMIREZ,<br><br>　　　　　Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No. 19-70668<br><br>Agency No. A214-151-045<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022**
San Francisco, California

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,***
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Petitioner Juan Salvador Orozco Ramirez petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 28 U.S.C. § 1252(a)(1) and deny the petition.

When the BIA dismisses an appeal purely on procedural grounds, our review is limited to the decision of the BIA and we lack jurisdiction to review the merits of the IJ's decision. *Singh v. Ashcroft*, 361 F.3d 1152, 1156–57 (9th Cir. 2004). We review the BIA's summary dismissal of an appeal for abuse of discretion, but "whether the summary dismissal violated a petitioner's due process rights is a question of law that we review de novo." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021).

The BIA did not abuse its discretion in summarily denying Petitioner's appeal. In the space on the Notice of Appeal ("NOA") instructing Petitioner to "[s]tate in detail the reason[s] for [his] appeal[,]" Petitioner only wrote his name and Alien Registration Number. Petitioner checked the box on his NOA that indicated his intent to file a written brief or statement, but he never filed one. The BIA summarily dismissed Petitioner's appeal on the grounds that his NOA did not meaningfully apprise the BIA of the reasons for his challenge to the IJ's decision,

and that Petitioner failed to file a brief or written statement in support of the appeal. The applicable regulations authorize the BIA to summarily dismiss an appeal on either ground. 8 C.F.R. § 1003.1(d)(2)(i)(A), (H); *Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 752 (9th Cir. 2004) ("[I]t is well-established that the BIA may summarily dismiss [a noncitizen's] appeal 'if [a noncitizen] submits no separate written brief or statement to the BIA and inadequately informs the BIA of what aspects of the decision were allegedly incorrect and why.'").

Petitioner's due process arguments lack merit. The IJ orally provided instructions for completing the NOA to Petitioner at the close of his merits hearing. The NOA form provided clear and explicit written warnings that apprised Petitioner of the consequences of failing to state the reasons for his appeal and failing to file a brief or written statement after indicating an intent to do so. Petitioner also received subsequent notice of the briefing schedule, which reiterated that the BIA would summarily dismiss his appeal if he failed to file a brief or written statement. We have consistently held that these notice procedures are constitutionally adequate. *See, e.g., Singh v. Gonzales*, 416 F.3d 1006 (9th Cir. 2005).

**PETITION DENIED.**

3