**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO MIGUEL CABELLO, | No. 21-70791 |
| Petitioner, | Agency No. A208-080-966 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2022**
Portland, Oregon

Before: SCHROEDER and SUNG, Circuit Judges, and ANTOON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Armando Cabello, a citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") to summarily dismiss his appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), (E) for failure to specify the reasons for the appeal and for failing to file a separate brief after stating an intent to do so.

In his petition, Mr. Cabello extensively argues the merits of the Immigration Judge's ("IJ") decision to deny his petition for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. This court's review, however, is limited to the BIA's summary dismissal because the BIA based its decision on the purely procedural grounds set out in 8 C.F.R. § 1003.1(d)(2)(i)(A), (E). *See Singh v. Ashcroft*, 361 F.3d 1152, 1156 (9th Cir. 2004).

The BIA may summarily dismiss an appeal where, as here, the Notice of Appeal does not specify the reasons for the appeal. 8 C.F.R. § 1003.1(d)(2)(i)(A). To satisfy this specificity requirement, a petitioner asserting a legal challenge must reference supporting authority, and when challenging a decision of fact, the petitioner must identify the particular details that are contested. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820 (9th Cir. 2003). Mr. Cabello's Notice of Appeal contains generalized statements of law without support and vague references to erroneous factual conclusions. *See Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 753

(9th Cir. 2004). Contrary to Mr. Cabello's argument in this Court, the pre-hearing briefing he submitted to the IJ does not satisfy the specificity requirement in Section 1003.1 because that briefing does not identify any factual or legal errors in the IJ's analysis. *See id*.

The BIA may also summarily dismiss an appeal where petitioners indicate that they will file a brief or statement in support of their appeal and do not file these documents, or reasonably explain their failure to do so, by the time the filing deadline expires. 8 C.F.R. § 1003.1(d)(2)(i)(E). Mr. Cabello indicated in his Notice of Appeal that he would file a separate written brief or statement. The Notice of Appeal warned that his appeal could be dismissed if he did not timely file. Despite this warning, Mr. Cabello did not file a separate brief or statement and did not explain his failure to do so. The BIA did not err by summarily dismissing his appeal in accordance with 8 C.F.R. § 1003.1(d)(2)(i)(E).

The petition is **DENIED**.