NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NELSON ADONIAS HERNANDEZ-
SALDIVAR,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-403

Agency No. A077-756-717

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2025[**]
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Nelson Adonias Hernandez-Saldivar, a native and citizen of Guatemala, filed

this petition for review on two grounds. First, he seeks review of the Board of

Immigration Appeal's ("BIA") 2020 order summarily dismissing his appeal of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying his motion to reopen his 2001 *in absentia* removal order. Second, he seeks review of the BIA's 2022 order denying his motion to reopen to offer his untimely brief, and his motion to consider that late-filed brief. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The IJ ordered Hernandez-Saldivar removed *in absentia* in 2001 when he failed to appear at his scheduled hearing. Hernandez-Saldivar filed a motion to reopen his *in absentia* removal order in 2019 because the order listed the wrong country of removal. The IJ denied his motion to reopen and amended the original *in absentia* order to include the right country of removal. Hernandez-Saldivar appealed the IJ's decision but the BIA summarily dismissed his appeal in 2020 because he failed to submit a brief. Hernandez-Saldivar then filed a motion to reopen to offer his untimely brief and a motion to consider that late-filed brief. The BIA denied the motions.

1.      Hernandez-Saldivar's petition is untimely with respect to the BIA's 2020 order summarily dismissing his appeal because he did not seek review within 30 days. *See* 8 U.S.C. § 1252(b)(1); *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1046–47 (9th Cir. 2023) (explaining that the time limit for filing a petition for review of a BIA decision is a non-jurisdictional but mandatory rule).[1] Thus, we limit our review

---

[1]     We lack jurisdiction to review the IJ's denial of the motion to reopen on the merits because the BIA appeal was dismissed on purely procedural grounds. *See*

to the BIA's 2022 order.

2. The BIA has broad discretion to deny motions to reopen for failure to file briefs. *See* 8 C.F.R. § 1003.3(c)(1); *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010); *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024). Here, the BIA acted within its discretion by denying Hernandez-Saldivar's motion to reopen to offer his untimely brief and his motion to consider that late-filed brief. And Hernandez-Saldivar's argument that the BIA failed to provide sufficient explanation for its denial is unavailing. The BIA adequately considered the case's procedural history and rejected Hernandez-Saldivar's reasons for failing to file his brief. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010); *see also Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (explaining that the BIA "need not engage in a lengthy discussion of every contention raised by a petitioner," as "all that is required is that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (cleaned up)).

The petition is **DENIED.**

---

*Singh v. Ashcroft*, 361 F.3d 1152, 1156–57 (9th Cir. 2004); *Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 752 (9th Cir. 2004).

22-403